**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MELVIN DAVID LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 305-020 |
| | ) | |
| JAMES E. DONALD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Melvin David Lewis, an inmate incarcerated at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] As the complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.[2]

---

[1]Although Plaintiff is currently incarcerated at Georgia State Prison, the events forming the basis of this lawsuit occurred while he was incarcerated at Wheeler Correctional Facility in Alamo, Georgia.

[2]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed

# I. **BACKGROUND**

According to Plaintiff, he arrived at Wheeler Correctional Facility ("Wheeler") on November 23, 2004 and was placed into the general population in an open dormitory. Because of Plaintiff's complaints about exposure to environmental tobacco smoke ("ETS"), on December 4, 2004, he was transferred from an open dormitory to a cell housing unit. Still bothered by the ETS, on December 10, 2004, Plaintiff was placed in protective custody "lockdown" but returned to a cell housing unit on December 22, 2004. On January 4, 2005, Plaintiff was returned to "lockdown," but this time he went to "lockdown" for disciplinary reasons. As of the date Plaintiff signed his complaint, January 25, 2005, Plaintiff remained in disciplinary "lockdown."

According to Plaintiff, when he is in "lockdown" at Wheeler, he must use a book-cart system to obtain legal materials. Plaintiff believes that having to ask for specific law books, without access to assistance from persons familiar with the law (presumably other inmates in the general population), unfairly hinders, frustrates, and abridges meaningful access to the courts. He also challenges the book-cart system on the grounds that prisoners in the general population have access to computerized legal materials in the law library, and it is unfair that inmates in "lockdown" do not have access to these same types of materials.

Finally, Plaintiff maintains that Defendants McLaughlin and Wesley, correctional officers at Wheeler, are responsible for unfairly causing him to be placed in disciplinary "lockdown" on January 4, 2005. According to Plaintiff, these two officers fabricated a

---

to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $150.00 filing fee.

disciplinary report just before Plaintiff was scheduled to go to the law library on January 4th because they were aware that he had complained about excessive amounts of ETS to officials in Atlanta with the Georgia Department of Corrections ("DOC"). Plaintiff maintains that his complaints to DOC officials prompted a Unit Manager at Wheeler to interview him, Defendants McLaughlin and Wesley were aware of this interview, and in an effort to thwart Plaintiff's litigation efforts concerning the ETS, they caused him to be placed in disciplinary "lockdown" so that he would not have the access to legal materials that he feels are necessary to pursue his ETS claims.

## II. DISCUSSION

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Furthermore, 42 U.S.C. § 1997e(c)(1) provides that the Court shall dismiss any action brought under 42 U.S.C. § 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted on its own motion or the motion of a party. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); see also Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e).

Furthermore, the Eleventh Circuit Court of Appeals has held that as a result of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), §

3

1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). The Court no longer has discretion to waive the exhaustion requirement.[3] Id. at 1325. Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002).

Under DOC Standard Operating Procedure ("SOP") IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. SOP IIB05-0001 § VI(B)(12)-(13). If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent

---

[3] Suits regarding "prison conditions" include claims "with respect to the conditions of confinement or the effects of action by government officials on the lives of persons confined in prison." Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000)(*per curiam*). Accordingly, Plaintiff's complaints about the conditions under which he was housed in "lockdown" in Wheeler and the resultant restrictions on movement within Wheeler and access to facilities at Wheeler are subject to the administrative exhaustion requirements.

4

has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5).

In the case at bar, Plaintiff states that he filed a grievance with prison officials, but "prison officials still did not remedy access to court deficiencies." (Compl., p. 4). Thus, although Plaintiff claims to have filed some kind of grievance with the highest level of prison officials about the book cart, he does not state that he filed an appeal to the Commissioner's Office. He states only that prison officials did not take action. Nor does he state that he filed any grievance about his retaliation claims against Defendants McLaughlin and Wesley.[4] Accordingly, the Court concludes that Plaintiff failed to exhaust the administrative grievance procedure prior to filing this lawsuit.

In sum, Plaintiff has not completed the requisite steps necessary to bring his lawsuit in federal court, and his claims are not properly before this Court. 42 U.S.C. § 1997e(a) requires that a prisoner exhaust administrative remedies before filing a lawsuit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*) (exhausting

---

[4]In addition, given that Plaintiff signed his complaint on January 25, 2005, and given the time line described above concerning the length of time prison officials have to respond to grievances (informal, formal, and appeals), it does not appear that there would have been sufficient time for Plaintiff to complete the entire grievance process within a month and a half of when he was first placed in "lockdown" on December 10, 2004, let alone when Defendants McLaughlin and Wesley allegedly retaliated against him on January 4, 2005.

5

administrative remedies is "precondition to filing an action in federal court"); Miller v. Tanner, 196 F.3d 1190, 1192-93 (11th Cir. 1999) (same).

### III. CONCLUSION

As Plaintiff has failed to exhaust his administrative remedies prior to commencing the instant lawsuit, he fails to state a claim upon which relief can be granted. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims be **DISMISSED** without prejudice, pursuant to 42 U.S.C. § 1997e, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of March, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## *Southern District of Georgia*

Melvin David Lewis,  )

vs )  CASE NUMBER CV305-020

James E. Donald, et al.,  )  DIVISION DUBLIN
 )

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated March 23, 2005, which is part of the official record of this case.

Date of Mailing: March 23, 2005

Date of Certificate  ☒ same date,  or _____

Scott L. Poff, Clerk

By: C Reynolds
Deputy Clerk

Name and Address

Melvin David Lewis Georgia State Prison GDC#1150939 2164 GA Hwy 147 Reidsville GA 30499-9701

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate