ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 MAY 31 AM 11:37

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MELVIN DAVID LEWIS, )
)
Plaintiff, )
)
v. ) CV 305-020
)
JAMES E. DONALD, et al., )
)
Defendants. )

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed.[1] The Magistrate Judge recommended that this case be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. (See doc. no. 6). In his objections, Plaintiff argues that although his administrative remedies may not have been exhausted at the time he signed his original complaint on January 25, 2005, he has now exhausted his remedies by virtue of expiration of the time allowed for a response to the two grievances he filed concerning the issues raised in the complaint: Grievance Nos. 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 and 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.[2] Plaintiff also submitted an amended complaint which fleshes out

---

[1] Plaintiff requested and received an extension of time to file his objections. (Doc. no. 10).

[2] Plaintiff also submitted a Disciplinary Appeal Form concerning alleged improprieties in the disciplinary proceedings that occurred subsequent to his placement in disciplinary "lockdown" at Wheeler Correctional Facility, one of the events forming the basis of the current lawsuit.

his original claims and includes the aforementioned grievance numbers in an effort to allege exhaustion of administrative remedies.[3] (Doc. no. 12).

However, by submitting copies of his grievances, Plaintiff has conclusively established that he did not exhaust his administrative remedies <u>prior to</u> commencing the instant lawsuit. Grievance No. 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 is dated December 29, 2004, and the Warden made a response on February 11, 2005. (Doc. no. 11, Ex. 1). Plaintiff states that he submitted an appeal to the Commissioner's office "on or about February17, 2005." (Doc. no. 11, p. 3). Grievance No. 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 is dated January 13, 2005, and the Warden made a response on February 11, 2005. (Doc. no. 11, Ex. 2). Plaintiff does not state when, or if, he filed an appeal of this grievance. These documents show only that Plaintiff started the grievance process prior to filing his complaint, not that he exhausted the grievance process prior to filing the complaint.[4]

Plaintiff's argument that by now he has exhausted his administrative remedies because the 90-day time period for receiving a response to his appeals has expired is not only

---

[3]Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend once as a matter of course at any time before a responsive pleading is served. Here, as there has been no service of the complaint, there has been no answer or pre-motion answer filed by any defendant. Thus, Plaintiff may amend as a matter of right, and the Court has considered the amended complaint in tandem with the objections.

[4]Plaintiff admits as much in his objections: "Granted. The Magistrate Judge's calculation of the time-frame for the 'completion of the entire process' is correct, and the plaintiff submitted his complaint prior the final response from the highest level." (Doc. no. 11, p. 5).

2

mathematically incorrect,[5] but it is of no consequence to the determination that this case is due to be dismissed under 42 U.S.C. § 1997e(a). Eleventh Circuit case law is clear that administrative remedies must be exhausted prior to the commencement of a lawsuit. Amending allegations of exhaustion into a complaint after it has been filed is not sufficient. Harris v. Garner, 216 F.3d 970, 973 -76 (discussing necessity of meeting Prison Litigation Reform Act ("PLRA") requirements for filing at time lawsuit is commenced, not as circumstances of case evolve). Moreover, to the extent Plaintiff asserts that the amendment provisions of Rule 15 allow him to add allegations of exhaustion, that argument also fails. Id. at 982 (rejecting argument of conflict between Rule 15 and PLRA but recognizing that even if there were a conflict, the Rule must yield to the later-enacted statute).

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. As Plaintiff has failed to exhaust his administrative remedies prior to commencing the instant lawsuit, he fails to state a claim upon which relief can be granted. Therefore, Plaintiff's claims are **DISMISSED** without prejudice, and this civil action is **CLOSED**.

SO ORDERED this ___ day of _May_, 2005, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[5] At the time Plaintiff signed his objections and amended complaint on May 2, 2005, only 74 days had passed from February 17, 2005. The Commissioner's Office has 90 days to respond to an appeal. Standard Operating Procedure IIB05-0001 § VI(D)(2),(5).

3

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Melvin David Lewis, Pro-se

CASE NO: CV305-20

DATE SERVED: May 31, 2005

SERVED BY: Cindy Reynolds

- [ ] Copy placed in Minutes
- [x] Copy given to Judge
- [x] Copy given to Magistrate